UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ISAAC ZAMORA,

           Plaintiff,

       v.

THE WASHINGTON STATE
DEPARTMENT OF CORRECTIONS,

           Defendant.

Case No.  C10-5347RJB

REPORT AND RECOMMENDATION

NOTED February 11, 2011

    This 42 U.S.C. § 1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rules MJR 1, 3 and 4.

    Defendant has filed a motion for summary judgment (ECF No. 25).  The sole ground raised in the motion is Eleventh Amendment immunity from monetary damages (ECF No. 25). While the plaintiff does not ask for monetary damages, the affirmative defense of the Eleventh Amendment has been raised and the motion should be GRANTED because Eleventh Amendment immunity applies to both monetary claims and injunctive relief.

REPORT AND RECOMMENDATION- 1

Plaintiff complains of the treatment he received from Department of Corrections ("DOC") personnel while he was housed in Western State Hospital. He asks the court to order to remove certain DOC guards and personnel from the hospital (ECF No. 6, page 7). He asks for no monetary damages.

## FACTS

Plaintiff alleges that he is not committed to the care or custody of the DOC, but that while he is housed at the Western State Hospital he has been subjected to having DOC personnel place him in restraints, that he has been forced by DOC personnel to strip in front of witnesses, that toilet paper was removed from his room by DOC personnel and only available on request, and that as part of the strip procedure he was forced to place his fingers in his mouth and hair after they had been touching his genitals.

He also complains that his bed was removed from his room, that he was denied phone calls, that he was not allowed to use the common room, that he was escorted by DOC personnel while in shackles, and that DOC personnel have included themselves in his treatment and case decisions (ECF No. 6). He asks the court to remove DOC personnel and prevent them from being part of his treatment (ECF No. 6).

## STANDARD OF REVIEW

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the person is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c)(2). There is a genuine issue of fact for trial if the record, taken as a whole, could lead a rational trier of fact to find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also T. W. Elec. Service Inc. v. Pacific Electrical Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

REPORT AND RECOMMENDATION- 2

1987); Fed. R. Civ. P. 56(e)(2). The moving party is entitled to judgment as a matter of law if the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1985); Anderson, 477 U.S. at 254 ("the judge must view the evidence presented through the prism of the substantive evidentiary burden"). When presented with a motion for summary judgment, the court shall review the pleadings and evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255 (*citing* Adickes v. S.H. Dress & Co., 398 U.S. 144, 158-59 (1970)). Conclusory, nonspecific statements in affidavits are not sufficient; and, the court will not presume "missing facts". Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

**DISCUSSION**

Defendant argues that the Eleventh Amendment to the United States Constitution bars a person from suing a state "for monetary damages" in federal court without the state's consent (ECF No. 25, page 1). Plaintiff does not seek monetary damages, only injunctive relief. However, the Eleventh Amendment also prevents injunctive relief against the state itself. Will v. Michigan, 491 U.S. 58, 78 n. 10 (1989). The plaintiff would need to name a person in their official capacity in order to obtain injunctive relief. Quern v. Jordan, 440 U.S. 332 (1979). The only named defendant in this action is the Washington State Department of Corrections. This defendant has not waived Eleventh Amendment immunity and this action should be DISMISSED.

**CONCLUSION**

The defendant in this action is entitled to Eleventh Amendment immunity and the defendant's motion for summary judgment should be GRANTED. Pursuant to 28 U.S.C. §

REPORT AND RECOMMENDATION- 3

636(b)(1) and Fed. R. Civ. P. Rule 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of de novo review by the District Court.  See 28 U.S.C. 636 (b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on February 11, 2011, as noted in the caption.

     Dated this 13th day of January, 2011.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 4